9986

### JEFFCOAT v. ATLANTIC COAST LINE R. CO.

(96 S. E. 616.)

1. CARRIERS—CARRIAGE OF FREIGHT—LIABILITY OF INITIAL CARRIER.—The liability as initial carrier of an interstate carrier of freight, which, by mistake of the consignor, carried the shipment to Woodruff, S. C., instead of Woodford, S. C., ended with delivery at Woodruff, where the consignor corrected the mistake.

2. COSTS — WITNESS FEE—RAILROAD.—Defendant railroad company was entitled to tax costs for its witnesses both per diem and mileage, though the witnesses were traveling on permits issued by the railroad, which cost the witnesses nothing.

Before WHALEY, County Judge, Richland, —— term, 1917. Affirmed.

Action by U. B. Jeffcoat against Atlantic Coast Line Railroad Company. Judgment of nonsuit in the magistrate Court was sustained by the County Court, and plaintiff appeals.

The facts were agreed upon in the magistrate's Court and the case was heard by the County Court upon the agreed statement of facts in the magistrate's Court, and upon the exceptions to the magistrate's judgment. The facts are these:

U. B. Jeffcoat lived at Woodford, a station on the Seaboard Air Line Railway in this State, and on the 11th day of July, 1916, he ordered a bill of goods from Lorick Bros., Columbia, S. C., and paid cash for them to the amount of $67.25. Lorick Bros. not having the goods in stock at the time, ordered them to be sent to the plaintiff from the Conklin Tin Plate & Metal Company, Savannah, Ga. This company filled out a shipping order and bill of lading, which was accepted by the defendant, Atlantic Coast Line Railway Company, for the transportation of these goods from Savannah to the plaintiff at Woodruff, S. C., instead of to Woodford, S. C. This shipment was received by the defendant railway company on the 11th day of July, 1916, and it was shipped the same day, passing over the line of the Atlantic Coast Line Railway Company, and its conecting carrier, the Charleston & Western Carolina Railway Company, on whose line Woodruff is situated. This shipment remained at Woodruff until the 26th day of July, 1916, when the Charleston & Western Carolina Railway Company, on the authority of Lorick Bros., as appeared from the waybill, reconsigned said shipment to the plaintiff at Woodford, S. C.; said shipment being from Woodruff to Fairfax and from there being transferred to the Seaboard Air Line Railway on the 31st of July, 1916, which latter road finally carried the shipment to Woodford. The goods were so damaged as to be of no

value to the plaintiff, and he refused to accept them, and filed a claim with the agent of the Seaboard Air Line Railway Company at Woodford, for $67.25. The magistrate, on these facts, held that the liability of the Atlantic Coast Line Railway Company, which was the initial carrier, ended with the delivery of the goods at Woodruff, and hence he granted a nonsuit. The judgment of the County Court affirmed the judgment of the magistrate and held that the rebilling of the goods from Woodruff, S. C., to Woodford, S. C., was an entire and distinct transaction.

The magistrate having ordered a nonsuit, the question was made as to what costs the defendant's witnesses were entitled to. The plaintiff contended that the defendant's witnesses were entitled to their per diem of 50 cents each, but objected to the mileage on the ground that it was admitted that defendant's witnesses were traveling on passes issued by the railroad company, which cost the witnesses nothing. The magistrate sustained the plaintiff, but the County Judge reversed said finding, and allowed full costs to defendant's witnesses.

*Messrs. W. Boyd Evans* and *Graydon & Graydon,* for appellant, submit: *That this shipment was governed by the interstate commerce law, which makes the initial carrier, in every case of interstate commerce, liable to the owner or holder of the bill of lading, for any damage sustained by them, whether occurring on the road of the initial carrier or on some of its connecting carriers:* 244 Kan. U. S. 383; 61 L. Ed. 1213; 219 U. S. 186; 55 L. Ed. 167; 31 L. R. A. (N. S.) 7; 31 Sup. Ct. Rep. 164; 241 U. S. 87-92; 60 L. Ed. 905-907; 36 Sup. Ct. Rep. 493; 228 U. S. 503; 57 L. Ed. 980; 33 Sup. Ct. Rep. 609; 241 U. S. 319; 60 L. Ed. 1022; 244 U. S. 346; L. Ed., vol. LXI, p. 1181; 204 U. S. 403; 51 L. Ed. 540; 27 Sup. Ct. Rep. 360; L. R. A. 1916e, 528; 233 U. S. 479; 58 L. Ed. 1055; 34 Sup. Ct. Rep. 641; 140 N. W.

1105; 192 Mo. App. 534; 184 Mo. App. 457; 59 Am. St. Reps. 17; 22 Interstate Commerce Reports 558; 158 S. W. 244.

*Messrs. Barron, McKay, Frierson & Moffatt,* for respondent.

June 24, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from the County Court of Richland county. The County Court sustained the magistrate in granting a nonsuit in favor of defendant. Exceptions 1, 2, 3 and 4 complain of error in so doing. The exceptions must be overruled.

The evidence shows that Lorick Bros. directed the shipment. It was their mistake that the shipment went from Savannah, Ga., to Woodruff, S. C., over the defendant road instead of Woodford, S. C. The liability of the Atlantic Coast Line Railway Company as initial carrier ended with the delivery of the goods at Woodruff, S. C., and the correction by Lorick Bros. of their mistake in having the goods reshipped from Woodruff to Woodford was an entire and distinct transaction. The liability of defendant as initial carrier of an interstate shipment ceased when it delivered the goods at Woodruff. That was their contract as directed by Lorick Bros., and they carried it out.

Exception 5 is overruled, as defendant is entitled to tax per diem and mileage both.

Judgment affirmed.